IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL PERRY MUHAMMAD**                                            **PLAINTIFF**
**ADC #96905**

**V.**                  **NO. 4:21-cv-00491-BRW-ERE**

**LONNELL SEAMSTER,** *et al.*                                          **DEFENDANTS**

## ORDER

Plaintiff Michael Perry Muhammad, an Arkansas Division of Correction inmate, claims that Defendants provided him constitutionally inadequate medical care for a right leg wound. Pending before the Court is Defendants' motion for sanctions (*Doc. 70*), asking the Court to dismiss this lawsuit, with prejudice, based on Mr. Muhammad's refusal to answer questions during his deposition. Mr. Muhammad has filed a response in opposition, explaining that he objected to Defendants' questions because he believed they were irrelevant to his claims. *Doc. 76*.

    1.    **Mr. Muhammad's Deposition Testimony**

The Court has reviewed the deposition transcript submitted in support of Defendants' motion (*Doc. 70-2*), which shows the following. Mr. Muhammad answered Defendants' questions regarding events giving rise to this lawsuit, including each Defendants' involvement with medical treatment that he received, or did not receive, for his leg wound. Defendants then began asking Mr. Muhammad

about his history of suicide attempts. *Id. at 32-43*. Mr. Muhammad objected to this line of questioning and refused to answer those questions, and he asked whether defense counsel could call the Court.¹ *Id. at 43-46*. Defense counsel then attempted to confer with Magistrate Judge Ervin by telephone, who was then unavailable but instructed counsel, though her staff, to suspend the deposition and file the appropriate motion on the record.² *Id. at 47*. Defense counsel reported the Court's instructions to Mr. Muhammad, who responded: "I object to you asking me about being on suicide, sir. But I ain't never object to testifying. I'll testify. I just - - but I have the right to object to something that has no relevance to this case." *Id. at 48*.

2. **Motion for Sanctions**

Defendants ask the Court to dismiss this action with prejudice, pursuant to Rule 37 of the Federal Rules of Civil Procedure, as a sanction for Mr. Muhammad's "failure to participate in the discovery process" (*Doc. 71, at 2*) and his "intentional refusal to participate in his properly noticed deposition." *Id. at 4*. "Dismissal as a discovery sanction [under Rule 37] is available only if there is '(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the

---

¹ After making his objection and refusing to answer questions regarding past suicide attempts, Mr. Muhammad stated: "Aren't you a - - can you call the judge and let him - - would you see? *Doc. 70-2 at 44*.

² Although the Court was unavailable to resolve the parties' discovery dispute when the deposition was in progress, the Court appreciates counsel's attempt to seek the Court's intervention at that time.

2

other party.'" *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quoting *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000)).

In this case, Mr. Muhammad's objection to questions about past suicide attempts did not amount to a willful violation of a court order or a refusal to participate in the discovery process.

Rule 30(c)(2) of the Federal Rules of Civil Procedure recognizes three exceptions that permit a deponent to refuse to answer a question: (1) when necessary to preserve a privilege; (2) to enforce a limitation ordered by the court, or (3) to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2). Applicable here, Rule 30(d)(3) provides:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. . . . If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

FED. R. CIV. P. 30(d)(3).

Mr. Muhammad couched his objection to answering questions regarding his past suicide attempts in terms of relevance, based on the lack of any possible relevance to his inadequate medical care claim. Normally, lack of relevance is not a basis for refusing to answer a question during a deposition. However, Mr. Muhammad could have equally couched his objection on grounds that such questions, personal and sensitive in nature, were unreasonably annoying,

3

embarrassing, or oppressive. In addition, Mr. Muhammad's objection during the deposition and request that defense counsel call the Court regarding the matter is fairly construed as a properly asserted motion pursuant to Rule 30(d)(3). Had the Court been able to take the call and rule on the issue during the deposition, there is a fair probability that it would have granted the motion and directed defense counsel to quit inquiring about such matters. In sum, Mr. Muhammad's conduct during his deposition does not warrant dismissal or a lesser sanction.

IT IS THEREFORE ORDERED THAT Defendants' motion for sanctions (*Doc. 70*) is DENIED.

Dated this 13th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE